## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Mag. No. 13-3095 |
| | : | |
| v. | : | Hon. James B. Clark, III |
| | : | |
| RASSOL CHINA | : | |

I, Brian Crowe, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

### SEE ATTACHMENT A

I further state that I am a Special Agent with the Drug Enforcement Administration, and that this complaint is based on the following facts:

### SEE ATTACHMENT B

Continued on the attached page and made a part hereof:

S/A

Special Agent Brian Crowe
Drug Enforcement Administration

Sworn to before me and subscribed in my presence,
November 22, 2013 in Newark, New Jersey

HONORABLE JAMES B. CLARK, III
UNITED STATES MAGISTRATE JUDGE

Signature of Judicial Officer

## ATTACHMENT A

On or about November 12, 2013, in Essex County, in the District of New Jersey and elsewhere, defendant,

### RASSOL CHINA,

did knowingly or intentionally manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A).

## ATTACHMENT B

I, Brian Crowe, am a Special Agent with the Drug Enforcement Administration. I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and items of evidence. Where statements of others are related herein, they are related in substance and part. Because this Complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1.      During a drug trafficking investigation, law enforcement obtained information that the third-floor apartment (the "Apartment") of a building located in Newark, New Jersey (the "Building") was being used as a heroin mill. On November 12, 2013, law enforcement established surveillance around the Building. Law enforcement observed several individuals knocking on the Building's front door, being granted entry into the Building, and walking up to the Apartment. A car used by defendant Rassol China ("CHINA") was parked near the Building.

2.      An undercover law enforcement agent rang the doorbell of the Building. A female inside the Building came to the front door and opened it. At that time, several law enforcement agents entered the Building. As the agents climbed the stairs to the Apartment, law enforcement agents outside secured the area to prevent anyone from entering or exiting the Building. The agents inside the Building knocked on the Apartment's front door and identified themselves as law enforcement. After the agents announced their presence, inside the Apartment a commotion ensued and two males, including CHINA, jumped out of a window, approximately 30 feet to the ground below. CHINA fled the scene in the car parked next to the Building, after crashing into a law enforcement vehicle parked nearby.

3.      A subsequent search of the Apartment revealed the following: (a) a substance resembling heroin, stored loosely and in freezer bags; (b) boxes of glassine envelopes; (c) small coffee spoons; (d) a digital scale with heroin residue; (e) sifters; and (f) suspected heroin packaged in envelopes stamped "Obamacare." The Apartment was sparsely furnished and did not appear to be used as a residence.

4.      In total, law enforcement seized over one kilogram of the substance that resembled heroin inside the Apartment. Law enforcement field-tested the substance and confirmed that it was heroin.